# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:14-cr-00004-MR
# CIVIL CASE NO. 1:17-cv-00244-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ROBERT MAILLET, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion to Enforce Judicial Findings." [Doc. 21].

In his motion, the Defendant challenges the Bureau of Prisons' ability to collect restitution payments from him through the Inmate Financial Responsibility Program (IFRP). [Doc. 21]. The Defendant's argument is premised on his contention that the Judgment only orders payment of restitution to commence after his release from imprisonment. [Id. at 1]. Therefore, the Defendant's argument goes, the Bureau of Prisons has no ability to require restitution payments from the Defendant while he is incarcerated. Contrary to the Defendant's argument, however, the Judgment

entered in this case requires the payment of restitution to begin *immediately*. [See Criminal Case No. 1:14-cr-0004-MR, Doc. 33 at 7]. The Defendant's contention that he cannot be required to make restitution payments through the IFRP is simply erroneous.

In any event, the Defendant cannot challenge his IFRP obligations here. The Bureau of Prisons has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion to Enforce Judicial Findings" [Doc. 21] is **DENIED**.

2

Case 1:17-cv-00244-MR    Document 22    Filed 09/17/21    Page 2 of 3

**IT IS SO ORDERED.**

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge